STATE *vs.* WILLIAM KELLY. .

Complaint under Gen. Stat. R. I. cap. 232, § 25, charging that the defendant on the 18th day of February, A. D. 1879, at Providence, "was a common drunkard, having been intoxicated in the city of Providence under such circumstances as to amount to a violation of decency three several times in the six weeks immediately previous to the date of the complaint," against, &c.

*Held,* that the complaint sufficiently charged the statutory offence.

*Held,* further, that under this complaint evidence was admissible of the defendant's drunkenness on different days within the six weeks next preceding the date of the complaint.

The evidence showed that the defendant was intoxicated January 30, February 5, and February 7.

*Held,* that each instance of drunkenness might have been set out in the complaint, or the complete offence charged on a day after February 7, and within six weeks from January 30, supported by proper evidence of drunkenness within the same limits of time.

EXCEPTIONS to the Court of Common Pleas.

*February* 21, 1880. MATTESON, J. This is a complaint under Gen. Stat. R. I. cap. 232, §§ 24, 25. It charges that the defendant, on the 18th day of February, A. D. 1879, at Providence, " was a common drunkard, having been intoxicated in the city of Providence under such circumstances as to amount to a violation of decency three several times in the six weeks immediately previous to the date of the complaint," against, &c. At the trial in the Court of Common Pleas, the defendant requested the court to rule that the testimony on the part of the complainant in relation to the defendant's drunkenness should be confined to the day specified in the complaint. This request the court refused, and ruled that the complainant might put in testimony as to the defendant's drunkenness on different days within the six weeks immediately preceding the date of the complaint. Thereupon the defendant excepted.

To constitute a person a common drunkard, who has not been *convicted* of intoxication under such circumstances as to amount

to a violation of decency, as provided in the statute, he must be proved to have been so intoxicated three several times within a period of six weeks. The offence is not complete till he has been so intoxicated the third time. Then, and not till then, has he acquired the character of a common drunkard within the meaning of, and so as to be liable to prosecution under, the statute. Where an offence is such in its nature that it can, or must, be committed on two or more days, yet all that is done may be deemed in law as amounting to but one offence, the complaint may either pursue the fact and allege it to have been done in its parts on more days than one, or wholly upon one. 1 Chitty Crim. Law, *225 ; 1 Starkie Crim. Plead. 2d ed. 57 ; 1 Bishop Crim. Proced. 2d ed. § 397, note (4) ; *The King* v. *Moore*, 2 Leach, 575 ; *Townley's case*, Foster's Crown Law, 8. The testimony discloses that the defendant was grossly intoxicated on the 30th of January, and on the 5th and 7th of February, 1879. Under the rule stated the separate instances of drunkenness might have been set out in the complaint with their respective dates, or the complete offence might be properly laid on a day subsequent to the 7th of February, 1879, and within a period of six weeks from and including the 30th January, 1879, and proof might properly be given of the defendant's intoxication within the same period, the time being material, or of the essence of the offence, only to that extent. 1 Chitty Crim. Law, *224 ; Bishop Statutory Crimes, § 979.

The defendant also moved in arrest of judgment, because the complaint did not charge with sufficient clearness any offence known to the law. The court overruled the motion and the defendant excepted. The statute creates and defines the offence of a common drunkard. The language of the complaint pursues and fully covers the clause of the statute applicable to the defendant's case. We think, therefore, that it is sufficient. In *Commonwealth* v. *Boon*, 2 Gray, 74, a similar complaint was adjudged good under a statute which made it an offence to be a common drunkard, but did not define the term. If the complaint had merely alleged that defendant was a common drunkard, with the proper technical averments of time, place, &c., it is by no means clear that it would not have been sustainable under the statute. Bishop Statutory Crimes, § 978 ; *Commonwealth* v.

*Whitney*, 5 Gray, 85, 87; *Commonwealth* v. *Foley*, 99 Mass. 499.

The exceptions are overruled and the case is remanded to the Court of Common Pleas for sentence. *Exceptions overruled.*